UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IMAGINE THIS FUTURE,

                         Plaintiff,                    1:21-cv-00453 (BKS/CFH)

v.

PEF PRESIDENT WAYNE SPENCE; THE PEF
TRIENNIAL ELECTIONS COMMITTEE; and the NEW
YORK STATE PUBLIC EMPLOYEES FEDERATION,
AFLCIO (PEF),

                         Defendants.

---

**Appearances:**

*For Plaintiff:*
Kevin E. Jones[1]
23 Parkwood Drive
Albany, New York 12205

*For Defendants:*
Barry N. Saltzman
Andrew D. Midgen
PITTA LLP
120 Broadway, 28th Floor
New York, New York 10271

---

[1] Plaintiff's attorney, Kevin E. Jones, is employed as an attorney by the New York Department of Labor. It is unclear from the docket whether he appears independently of the Department of Labor or on its behalf. The Court directed Mr. Jones to clarify the record, (Dkt. No. 13), but his reply addressed his Bar Roll number and was nonresponsive. (*See* Dkt. No. 14, at 4).

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Imagine This Future, an unincorporated association[2] of members of the New York State Public Employees Federation, AFLCIO ("PEF") who are running for office in PEF's 2021 triennial elections, filed a complaint against Defendants PEF, current PEF President Wayne Spence and the PEF Triennial Elections Committee asserting that the ongoing 2021 triennial election violates the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.* (Dkt. No. 1). Presently before the Court is Plaintiff's motion for a preliminary injunction: (1) reducing the signature requirement for PEF's 2021 triennial elections to one-percent; (2) requiring PEF to assist each slate in sending campaign materials through PEF to each union member's email address; (3) restoring Nikki Brate to the Imagine This Future slate for the 2021 PEF Triennial Elections as a vice-presidential candidate; and (4) prohibiting PEF from running "Member Appreciation" events until the 2021 PEF triennial elections are concluded. (Dkt. No. 2, at 1–2). Pending a hearing on the motion for a preliminary injunction, Plaintiff asked that the Court issue an order prohibiting PEF and its Triennial Elections Committee from proceeding beyond the petitioning stage of the election. (Dkt. No. 2-3, at 2). The Court set an expedited briefing schedule and, on April 30, 2021, held a telephone conference with the parties. At the hearing, Defendants asserted, among other things, that the Court lacks subject matter jurisdiction because PEF represents public employees only and is not subject to the LMRDA. The Court advised the parties it would not issue a decision on Plaintiff's requests

---

[2] As the Court finds it lacks subject matter jurisdiction, it does not reach Defendants' contention that as an unincorporated association, Imagine This Future may only bring this action through its president or treasurer, and lacks capacity to sue on its own. (Dkt. No. 9, at 22).

for relief until briefing was complete. (Text Minute Entry Apr. 30, 2021). Having considered the parties' submissions, (Dkt. Nos. 2, 10–12, 14–15), the Court dismisses the complaint without prejudice for lack of subject matter jurisdiction.

## II.  DISCUSSION

Defendants assert that this Court lacks subject matter jurisdiction over this action because the PEF only represents public sector workers and is therefore not a "labor organization" subject to the LMRDA. (Dkt. No. 9, at 6). According to the complaint, this Court has federal question jurisdiction over this matter because PEF's "2021 Election Rules specifically provide . . . that '[t]he conduct of PEF elections shall be consistent with the standards for such elections developed under the [LMRDA]'" and state that they "are governed by the requirements of the LMRDA." (Dkt. No. 1, ¶ 4; *id.* at 24). Plaintiff further asserts that even though the LMRDA is "not a source of jurisdiction,"[3] in this case, it intended to bring "this matter in equity" and seeks leave to amend the complaint in order to clarify its intent in this regard. (Dkt. No. 14, at 15).

"[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). Section 1331 provides that:

---

[3] Further, according to Plaintiff, the election is over and the winners have been certified, and thus "[a]ny legal actions available to Plaintiff under the LMRDA" are no longer available. (Dkt. No. 14, at 14).

3

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he [or she] pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks omitted).

"Title I of the LMRDA guarantees certain rights to 'every member of a labor organization,' 29 U.S.C. § 411(a)(1), and creates a right of civil action for union members to enforce those rights, *id.* § 412." *John Brady v. Int'l Bhd. of Teamsters, Theatrical Drivers & Helpers Loc. 817*, 741 F.3d 387, 389 (2d Cir. 2014); *see also Medford v. Civ. Serv. Emps. Ass'n, Inc.*, 290 F. Supp. 3d 174, 179 (E.D.N.Y. 2017) ("Section 412 of the LMRDA confers federal jurisdiction over suits by persons alleging that their statutory rights were infringed by a 'labor organization.'"). The LMRDA defines a "labor organization" as an entity that "exists for the purpose, in whole or in part, of dealing with *employers*" regarding various terms of employment. 29 U.S.C. § 402(i) (emphasis added). However, the LMRDA excludes from its definition of "employer," the "United States or any corporation wholly owned by the Government of the United States *or any State or political subdivision thereof*." 29 U.S.C. § 402(e) (emphasis added). Thus, "[u]nions consisting entirely of public employees are not subject to [the] LMRDA." *Cunningham v. Loc. 30, Int'l Union of Operating Eng'rs*, 234 F. Supp. 2d 383, 391 (S.D.N.Y. 2002).

It is uncontroverted that PEF solely represents public employees. (Dkt. No. 10, ¶ 8 ("PEF now only represents public employees."); Dkt. No. 1, ¶ 3 (noting in the Complaint that "PEF intentionally shed itself of it's [sic] non-public employees")). As PEF represents only public employees, it is not a "labor organization" as defined by the LMRDA and is not subject to the

4

LMRDA. Thus, no federal statute is implicated in this case and there is no basis for federal question jurisdiction. *See Medford*, 290 F. Supp. 3d at 181 (dismissing for lack of subject matter jurisdiction where union represented "only public sector employees," was "not a 'labor organization' under the LMRDA and [wa]s not subject to the LMRDA"). Plaintiff attempts to overcome this jurisdictional defect by asserting that the PEF elections operate in accordance with and "are governed by[,] the requirements of the LMRDA." (Dkt. No. 1, ¶ 4). However, "'[b]ecause it involves a court's power to hear a case,' subject-matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Plaintiff's assertion is therefore unavailing. Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

### III.  LEAVE TO AMEND

In its reply papers, Plaintiff requests leave to amend the complaint to clarify that it intends to bring this action as one "in equity." (Dkt. No. 14, at 15). "However, '[f]ederal courts have no independent 'equity jurisdiction'; they may grant equitable relief, but not unless there is an independent statutory basis for federal jurisdiction, which is conferred only by specific congressional enactment.'" *Omansky v. United States*, No. 14-cv-1674, 2014 WL 2153812, at *1, 2014 U.S. Dist. LEXIS 67817, at *2 (S.D.N.Y. Apr. 7, 2014) (quoting *In re Agent Orange Product Liability Litig.*, 506 F. Supp. 737, 740 (S.D.N.Y. 1979)). Here, there is no independent statutory basis, under the LMRDA or otherwise, for federal jurisdiction. And, as all parties appear to be citizens of New York, diversity jurisdiction under 28 U.S.C. § 1332 is likewise

unavailable. Thus, leave to amend would be futile and is denied.[4] *Pudlin v. Off. for (Not of) C.R. of the United States Dep't of Educ.*, 186 F. Supp. 3d 288, 295 (S.D.N.Y. 2016) ("Leave to amend would be futile in this case, for the subject matter jurisdiction deficiencies discussed above are substantive and cannot be cured.").

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: May 14, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[4] Plaintiff is not without recourse as it filed a "nearly identical action on the same grounds for the same relief in New York Supreme Court, Albany County." (Dkt. No. 9, at 12).

6